FILED
SUPERIOR COURT
OF GUAM

2023 DEC -7 PM 4: 11

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | Criminal Case No. CF0172-22 |
| | GPD Report No. 22-07742 |
| v. | **Criminal Case No. CM0003-21** |
| | GPD Report No. 21-00119 |
| **SIX PAULIS,** | |
| DOB: 05/08/1999 | **DECISION AND ORDER** |
| | **GRANTING** |
| Defendant. | **REVOCATION OF PROBATION** |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on September 27, 2023 for Further Proceedings in the above-captioned matter related to Six Paulis's ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Assistant Public Defender Jocelyn Roden. The People of Guam were represented by Assistant Attorney General Leah Diaz-Aguon. Having duly considered the Parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order Granting Revocation of Probation.

### BACKGROUND

On June 10, 2022, Defendant entered a deferred plea of guilty to CM0003-21 Charge One: Family Violence (as a Misdemeanor) and CF0172-22 Charge Three: Family Violence (as a Misdemeanor). See Order After Hearing (Jun. 29, 2022). An Order After Hearing was entered, imposing the following relevant conditions of probation:

- **COUNSELING/TREATMENT:** Defendant shall report to Client Services and Family Counseling (CSFC) with the Superior Court of Guam for intake and assessment and comply with all treatment recommendations and requirements, including paying all related treatment and court costs. If treatment requires attendance

at Guam Behavioral Health and Wellness Center (GBHWC) programs, Defendant shall go to GBHWC for intake and assessment.

- **COUNSELING/TREATMENT:** Defendant shall attend and successfully complete the Anger Management Program administered by the Adult Probation Office.

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Court or the Probation Office.

- **MANDATORY TESTING:** Defendant shall submit to random alcohol and drug testing under the supervision of the Adult Probation Office.

- **LAWS:** Defendant shall obey all federal and local laws of Guam.

- **NO DRUGS:** Defendant shall not possess or consume any illegal controlled substances or marijuana.

Id.

Defendant received his First Violation Report on September 30, 2022. That report made known that Defendant had missed several treatment sessions at CSFC, was not attending his Anger and Stress Management Classes, never completed his intake and assessment at GBHWC, made zero progress on paying his treatment or court costs, and hadn't reported to the Adult Probation Office in several months. See First Violation Report (Sep. 30, 2022).

A Second Violation Report was filed on January 26, 2023, indicating that Defendant failed to submit to a randomly-scheduled drug test administered by the Adult Probation Office. See Second Violation Report (Jan. 26, 2023).

A Third Violation Report was filed on February 17, 2023, indicating that Defendant had been arrested and charged with Theft of Property (as a Misdemeanor) in CM0066-23. See Third Violation Report (Feb. 17, 2023).

A Fourth Violation Report was filed that same day, indicating that Defendant admitted to consuming marijuana after testing positive during a drug test. See Fourth Violation Report (Feb. 17, 2023).

A Fifth Violation Report was filed on April 11, 2023, indicating that Defendant admitted to consuming both marijuana and methamphetamine after testing positive during a drug test. See Fifth Violation Report (Apr. 11, 2023).

A Sixth Violation Report was filed on April 21, 2023, indicating that Defendant failed to submit to a randomly scheduled drug test administered by the Adult Probation Office. See Sixth Violation Report (Apr. 21, 2023).

A Seventh Violation Report was filed on August 8, 2023, indicating that Defendant had been arrested and charged with Aggravated Assault (as a 2nd Degree Felony), Aggravated Assault (as a 3rd Degree Felony), and Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony in CF0513-23. See Seventh Violation Report (Aug. 8, 2023). Defendant ultimately pled guilty to and was convicted of Assault (as a Misdemeanor). See CF0513-23 Judgment of Conviction (Oct. 16, 2023).

On August 16, 2023, the People filed their Motion to Accept Plea, Enter Judgment, and Impose Jail Sentence ("Motion"). The People base their request on Defendant's repeated failures to obey the terms of his probation. See Motion at 4-5 (Aug. 16, 2023). Opposing the Motion, Defendant claims he will comply with his probation conditions if given another opportunity, and that revoking his probation is an overly-drastic response. See Opposition at 2-3 (Sep. 26, 2023).

On September 27, 2023, the Court held Further Proceedings and subsequently took this matter under advisement. See Minute Entry (Sep. 27, 2023).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

[T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a) (1980). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant violated his probation conditions and that there was probable cause to support the violations. Defendant received several Violation Reports describing

how he violated a half-dozen terms of his probation. These violations include failing to follow his CSFC treatment plan, failing to report to the Adult Probation Office, failing to submit to random drug testing, failing to obey the laws of Guam, and failing to refrain from consuming illegal controlled substances and marijuana.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by violating his probationary conditions. Defendant has shown a continuous and ongoing disregard towards following his probationary conditions, having continuously violated many of these conditions over a multi-year period. Furthermore, several of these violations are very serious in nature. Since entering probation, Defendant admitted to using several intoxicating substances, including methamphetamines, and was convicted of a violent crime in CF0513-23.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to **one (1) year incarceration** at the Department of Corrections, Mangilao with credit for time served. This period of incarceration shall run consecutive to any other period of incarceration Defendant may

serve. After the completion of the Defendant's sentence the Court shall close the above-captioned case.

**IT IS SO ORDERED** this <u>Dec. 7, 2023</u>

_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**